■ In the Matter of Valerie Staab, Appellant, v Great American Insurance Company, Respondent.—In a proceeding pursuant to CPLR article 75 to modify an arbitration award, the petitioner appeals from so much of an order of the Supreme Court, Suffolk County, entered May 31, 1979 as, upon granting the petitioner's motion for leave to reargue, adhered to its original determination dismissing the petition. Order modified, on the law, by (1) deleting therefrom so much of it as denied the petitioner's application to modify the arbitration award and (2) adding thereto a provision granting the petitioner's application only to the extent of deleting from the arbitration award the provision denying petitioner benefits for loss of earnings after June 30, 1977. As so modified, order affirmed insofar as appealed from, with $50 costs and disbursements to the appellant. We find that the issue of whether the petitioner was entitled to first-party benefits for loss of earnings after June 30, 1977 was not submitted to the arbitrator. As a consequence, the arbitrator exceeded his power in rendering the *in*

*futuro* determination that petitioner was not entitled to benefits after June 30, 1977. For this reason, the arbitrator's award must be modified by deleting so much of it as denied the petitioner benefits for loss of earnings after June 30, 1977 (see CPLR 7511, subd [c], par 2). Lazer J. P., Gulotta, Cohalan and Gibbons, JJ., concur.